# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **McDONALD'S OF OTTAWA LTD, L.L.C.,** ) | |
| Serve registered agent at: ) | |
| Hugh J. O'Reilly, Jr. ) | |
| 12848 Westgate ) | **Case No.** _____ |
| Overland Park, KS 66213 ) | |
| ) | **Div. No.** \_\_\_\_\_ |
| and ) | |
| ) | |
| **McDONALD'S CORPORATION,** ) | |
| Serve registered agent at: ) | |
| The Prentice-Hall Corporation System, ) | |
| Kansas, Inc. ) | **JURY TRIAL DEMANDED** |
| 2900 SW Wannamaker Dr., Suite 204 ) | |
| Topeka, KS 66614 ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Anthony Green ("Plaintiff"), by and through his undersigned counsel and for his Complaint for Damages against Defendant McDonald's of Ottawa, Ltd., L.L.C. and Defendant McDonald's Corporation ("Defendants") states and alleges as follows.

## PARTIES

1. Plaintiff is a citizen of the United States, residing in Wichita, Kansas and, at all times pertinent to this Complaint for Damages, was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title VII"), Kansas Wage Payment Act, K.S.A. § 44-313 *et seq.* ("KWPA"); and the Fair Labor Standards Act, 29 USC § 201 *et seq.* ("FLSA").

1

2.	Defendant McDonald's of Ottawa, Ltd., L.L.C. is a for-profit company organized in the State of Kansas and operating a franchise at 2214 Princeton Circle Drive, Ottawa, KS 66067.

3.	Defendant McDonald's Corporation is a foreign for-profit business organized in the State of Delaware and registered in the State of Kansas.

4.	At all times pertinent to this Complaint for Damages, Defendant McDonald's of Ottawa Ltd. L.L.C. was an employer under Title VII, the KWPA, and the FLSA.

5.	At all times pertinent to this Complaint for Damages, Defendant McDonald's Corporation was an employer under Title VII.

6.	This is an employment discrimination and retaliation lawsuit based upon and arising under Title VII, the KWPA, and the FLSA.

## JURISDICTION AND VENUE

7.	All of the unlawful acts and practices set forth below were committed within Franklin County, Kansas.

8.	This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, and has personal jurisdiction over all of the Defendants in this case. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e–5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

9.	On or about December 10, 2020, Plaintiff timely filed a Charge of Discrimination against each Defendant with the Equal Employment Opportunity Commission (EEOC), which were dually filed with the Kansas Human Rights Commission (KHRC), alleging discrimination due to race and color, and retaliation. The Charges of Discrimination are attached hereto as Exhibit A and Exhibit B and incorporated by reference as if fully set forth herein.

10. On or about May 28, 2021, the EEOC issued to Plaintiff Notices of Right to Sue on each Charge and this lawsuit was filed within 90 days of the receipt by Plaintiff of the EEOC's Notices of Right to Sue. The Notices of Right to Sue for Plaintiff is attached hereto as Exhibit C and Exhibit D and incorporated by reference as if fully set forth herein.

11. The aforesaid Charges of Discrimination provided the KHRC and EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charges of Discrimination.

12. Plaintiff has exhausted all of his administrative remedies and has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

## BACKGROUND

13. Plaintiff is an African American male.

14. Plaintiff began working for Defendants as a shift manager on or around January 1, 2020 and was seventeen (17) years old at the time of his hiring.

15. In or around February 2020, Plaintiff overheard a Caucasian employee named Joseph, whose last name is unknown (hereinafter "Joseph"), use the word "nigger" at work.

16. Plaintiff wrote up Joseph for the use of this racial slur, informed his supervisor and general manager, Cynthia, who is not African American, about the write-up, and requested not to be scheduled at the same time as employee Joseph in the future.

17. Defendant did not make Plaintiff's aware that Cynthia or anyone else took any action regarding disciplining Joseph or warning him not to engage in further racially harassing behavior.

18. Upon information and belief, Defendant took no further action regarding disciplining Joseph or warning him not to engage in further racially harassing behavior.

19. Defendant continued to schedule Plaintiff and Joseph at the same time.

20. Joseph continued to repeatedly use racially harassing language, including often calling Plaintiff (Joseph's supervisor) "boy."

21. Plaintiff again asked his manager to avoid scheduling Plaintiff and Joseph at the same time.

22. Plaintiff also spoke to the owner of the Ottawa McDonald's franchise, Hugh O'Reilly, who is Caucasian, about his complaints regarding Joseph and his repeated requests not to be scheduled to work with Joseph.

23. O'Reilly took no action to remedy Joseph's consistent and repeated use of racially harassing language towards African Americans nor to ensure Plaintiff and Joseph were not scheduled to work at the same time.

24. In or around April 2020, Plaintiff's general manager, Cynthia, informed Plaintiff the only reason he was still in his position was because Defendants did not want Plaintiff to pull the "black card."

25. Plaintiff's general manager, Cynthia, told Plaintiff that she did not like people "outside" of her race.

26. Cynthia frequently complained about Plaintiff's natural hair, saying it was "unprofessional."

27. Cynthis frequently criticized and demeaned Plaintiff in ways that made him understand that he was being targeted and harassed because of his race.

28. Plaintiff was required to work more than seventy (70) hours some weeks.

29. In those weeks he worked more than 40 hours, his reported hours were reduced on his time sheet for that week, so he was not paid for all of the time he worked, nor was he properly paid for overtime.

30. Plaintiff was not paid a salary.

31. Defendants hired Plaintiff to work for them on an hourly basis, at a rate of twelve dollars ($12.00) per hour.

32. Plaintiff was paid less than six hundred eighty-four dollars ($684.00) per week each week he worked for Defendants.

33. The constant racial harassment made working for Defendants too stressful for Plaintiff (or anyone else in his position) to handle, especially because Defendants did nothing and demonstrated to Plaintiff that they would continue to do nothing to stop the harassment.

34. Plaintiff was constructively discharged from his employment with Defendants in or around June of 2020.

## COUNT I
## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

35. Plaintiff hereby restates and incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

36. Each Defendant is an "employer" under Title VII.

37. Plaintiff is African American and is in a protected class under Title VII.

38. Defendants unlawfully and intentionally discriminated against Plaintiff based on his race, and acted in bad faith by interfering with, recklessly disregarding, and denying his legal rights when it allowed discrimination to continue unchecked.

39. Defendant's actions against Plaintiff were outrageous because Defendants had an evil motive and/or reckless indifference to the rights of others.

40. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

41. As further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

42. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants, jointly and severally and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further legal and equitable relief as just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

43. Plaintiff hereby restates and incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

44. Plaintiff is an African American.

45. Plaintiff is a member of a protected class.

46. Plaintiff engaged in protected activity under Title VII when he complained of race discrimination.

47. Defendants took adverse employment action against Plaintiff in relation for this protected activity, in violation of Title VII.

48. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has been deprived of income, including wages and benefits as well as other monetary and non-monetary benefits.

49. As further direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

50. By failing to take prompt and effective remedial action, Defendants, in effect, condoned, ratified and/or authorized the discrimination against Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants, jointly and severally and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further legal and equitable relief as just and proper.

### COUNT III
### FAILURE TO PAY WAGES IN VIOLATION OF THE KWPA

51. Plaintiff hereby restates and incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

52. Plaintiff was an employee of Defendants.

53. Plaintiff worked for Defendant at an hourly wage basis, at a rate of twelve dollars ($12.00) per hour.

54. Plaintiff was not exempt from the payment of overtime, so his compensation also included overtime pay of one and a half times his usually rate per hour for hours worked beyond forty (40) hours per week.

55. Defendants have failed to pay to Plaintiff all his earned wages.

56. Plaintiff worked up to 70 hours some weeks.

57. Despite having worked those hours, Defendant altered Plaintiff's timecard to make it appear as if he had worked fewer hours.

58. Defendants told Plaintiff that when he worked more than 40 hours in a week, they would put his hours beyond forty on his next pay period.

59. In doing so, Defendants failed to pay Plaintiff on a timely basis, in violation of the KWPA.

60. In doing so, Defendants failed to pay Plaintiff his earned overtime pay, which is part of his "wages" as defined by the KWPA.

61. Additionally, Defendants did not put all of Plaintiff's hours into the following pay period, so there were some hours Plaintiff worked for Defendants for which he was never paid.

62. Defendants continue to fail to pay Plaintiff all his earned wages in violation of the KWPA, K.S.A. § 44-313 *et seq.*

63. As a consequence of its willful violations of the Kansas wage laws, wages have been unlawfully withheld by Defendants from Plaintiff, for which Defendants are liable, together with pre-judgment and post judgment interest, reasonable attorney fees and costs of this action.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and award Plaintiff damages as proven at trial, including

punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further legal and equitable relief as just and proper.

## COUNT IV
## FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE FLSA

64. Plaintiff hereby restates and incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

65. Plaintiff was employed by the Defendants.

66. During this time, Plaintiff performed work for Defendants in the position of Shift Manager.

67. Plaintiff was paid on an hourly basis at a rate of twelve dollars ($12.00) an hour.

68. Plaintiff worked as many as seventy (70) hours some weeks, but when he worked more than forty (40) hours a week, Defendants would not credit him all his hours worked on his paycheck.

69. Defendants told Plaintiff that they were moving his overtime hours to the following pay period so that Plaintiff would not have overtime; however, not all of the hours Defendants removed from Plaintiff's pay were later recredited to him.

70. Plaintiff brings this Complaint individually pursuant to the FLSA, 29 U.S.C. § 216(b).

71. Upon information and belief, Plaintiff was subject to Defendants' common practice, policy, or plan of refusing to pay minimum wage and overtime in violation of the FLSA.

72. Alternatively, upon information and belief, Plaintiff was subject to the refusal to pay minimum wage and overtime in violation of the FLSA because of Plaintiff's race.

73. At all relevant times, each of the Defendants has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 *et seq.*

74. At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including the Plaintiff.

75. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees minimum wage for all hours worked and overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay, for work performed in excess of forty hours in a work week.

76. Plaintiff is not exempt from the right to receive minimum wage and/or overtime pay under the FLSA and is not exempt from the requirement that their employer pay him overtime compensation under the FLSA.

77. Plaintiff is entitled to be paid minimum wage and overtime compensation for all overtime hours worked.

78. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay Plaintiff minimum wage for all hours worked and overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week.

79. Defendant's failure to compensate Plaintiff minimum wage for all hours worked and overtime compensation at a rate of not less than one-and-one half times the regular rate of pay for work performed in excess of forty hours in a work week constitutes a violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1).

80. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81. The Plaintiff seeks damages in the amount of all respective unpaid minimum wage and overtime compensation at a rate of one-and-one half times the regular rate of pay for work

performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and award Plaintiff damages for minimum wages and overtime compensation due for the Plaintiff, liquidated damages, to be paid by Defendants; costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL AND REQUEST FOR PLACE OF TRIAL**

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all matters set forth in this Complaint or arising therefrom, and, pursuant to D. Kan. Rule 40.2(a), requests such trial be held in Kansas City, Kansas.

Dated: August 19, 2021

By: /s/ Sarah C. Liesen
Sarah C. Liesen KS #26988
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com

**ATTORNEY FOR PLAINTIFF**